JUDGE ENGELMAYER

# 12 CIV 5487

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AHMED DICKERSON,

                    Plaintiff,

          -against-                                    **SUMMONS**

THE CITY OF NEW YORK, P.O. EILEEN
POWERS, JOHN AND JANE DOES, 1-10,

                    Defendants.
-------------------------------------------------------------x

**TO:    ALL DEFENDANTS NAMED ABOVE**

**YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON:**

          Vikrant Pawar, Esq.
          Robert Blossner, Esq.
          30 Vesey, 2nd Floor
          New York, New York 10007
          Attorneys for Plaintiff

An answer to the complaint which is served on you with this summons, within 21 days
after service of this summons on you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

RUBY J. KRAJICK                                        JUL 1 7 2012

CLERK                                                  DATE

By: DEPUTY CLERK



JUDGE ENGELMAYER

Vikrant Pawar, Esq.
Robert Blossner, Esq.
30 Vesey Street, 2nd Floor
New York, New York 10007
*Attorneys for Plaintiff*



12 CIV 5487

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AHMED DICKERSON,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. EILEEN
POWERS, JOHN AND JANE DOES, 1-10,

                                        Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Demand

2012 JUL 17 PM 1:0[?]
CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT

Plaintiff AHMED DICKERSON (hereinafter "Plaintiff") by and through

his attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for injunctive relief, compensatory damages,

punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for

violations of their civil rights, as secured by statutes and the Constitution of the State of

New York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and

the First, Fourth, and Fourteenth Amendments to the United States and New York

Constitutions and under New York state laws.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.     Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7.     Plaintiff is a citizen of the United States.

8.     Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     The named and yet to be named individual defendants are employees of defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

10.    Plaintiff is a 58 year-old African-American male with no prior arrest history who is employed by the New York City Board of Education for nearly twenty (20) years.

11.    On April 17, 2010, plaintiff was informed by his daughter that her car had been towed and it was being held at a location in Upper Manhattan.

12.    In an effort to assist his daughter, plaintiff was driving to the location when he was stopped at the Drunk Driving Check-point on West Side Highway of Manhattan.

13.    Plaintiff was not drinking nor was he suspected of driving under the influence.

14.    Despite knowing that plaintiff had otherwise committed no traffic violations or was driving drunk, the individual defendants requested that plaintiff provide them with a driver's license.

15.    Plaintiff gave the defendants his New York State driver's license.

16.    Defendants went to a van and checked on plaintiff's license and came back at least three (3) times to confirm that it was indeed plaintiff's license.

17.    On the fourth trip, the individual defendants told plaintiff that he was under arrest for driving with a suspended license.

18.    This was puzzling to plaintiff because plaintiff had renewed his license on May 26, 2004 and his license would not expire until June 15, 2012.

19.    Notwithstanding this fact, plaintiff was arrested.

20.     Plaintiff was brought to a precinct where he was finger-printed and
processed and then sent to central booking where he was released after spending nearly
thirty (30) hours.

21.     As a result of plaintiff's arrest, he was forced to miss time from work and
more importantly missed his teenage daughter's cheerleading competition.

22.     The violations against plaintiff were eventually dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation
contained in paragraphs numbered "1" through "22" with the same force and effect as if
fully set forth herein.

24.     There was no probable cause for the arrest or the continued incarceration
and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and
Fourteenth Amendments.

25.     As a result of the aforementioned conduct of defendants, Plaintiff's
constitutional right to be free from unreasonable search and seizure violated and they
sustained injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

26.     Plaintiff repeats, reiterates, and realleges each and every allegation
contained in paragraphs numbered "1" through "25" with the same force and effect as if
fully set forth herein.

27.     The defendants' conduct herein was an abuse of executive power so

clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to Plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

28.    As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

29.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    Defendants by arresting plaintiff on false charges knew that Plaintiff would have to endure numerous court appearances, hire an attorney.

31.    Due to defendants' actions, Plaintiff was deprived of life and liberty interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

32.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the

United States.

34.    The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, having an antiquated database and system that is not up to date and that results in unnecessary reports of license suspensions even when a driver's license is valid and current. In addition, the individual defendants simply were arresting individuals to meet a quota to generate overtime or to justify their presence at the location and to put on a show that the City is doing something about traffic violations.

35.    As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36.    The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

37.    Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Section 1981)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants targeted plaintiff because of his race and color and caused him deprivation of his constitutional rights.

40.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

49.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

50.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

51.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

52.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

53.    As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action;

(D) injunctive relief forcing the NYPD to update their database on a more regular basis; and

(E) such other and further relief as appears just and proper.

Dated: New York, New York
       July 16, 2012

Vikrant Pawar, Esq.
30 Vesey Street, 2nd Floor
New York, New York 10007
(212) 571-0805

By: _____
    Vikrant Pawar (VP9101)
    Robert Blossner (RB0526)
    *Attorneys for Plaintiff*